IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-01107-MSK-KMT

ARVADA DEVELOPMENT GROUP, LLP,

    Plaintiff,

v.

ALL ENVIRONMENTAL, INC. d/b/a/ AEI Consultants,

    Defendant.

---

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT, AND
GRANTING LEAVE TO FILE A CERTIFICATE OF REVIEW**

---

THIS MATTER comes before the Court on motions filed by each party addressing whether the Plaintiff was required to file a certificate of review under § 13-20-602, C.R.S. The Defendant's motion (**#24**) seeks summary judgment, to which the Plaintiff responded (**#27**) and the Defendant replied (**#34**). The Plaintiff's motion (**#28**) seeks leave to file a certificate of review, to which the Defendant responded in opposition (**#32**), and the Plaintiff replied (**#35**). Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

### I. Jurisdiction

The parties invoke the Court's subject matter jurisdiction under 28 U.S.C. § 1332.

### II. Issues Presented

The Plaintiff asserts three claims (negligent misrepresentation, false representation and negligence) against the Defendant premised upon Plaintiff's reliance on a Property Condition

Assessment that contained allegedly false information about the roof of a building at 9950 West 80th Avenue in Arvada, Colorado. The Assessment stated that the roof had been replaced in 2005 and that "no major repair costs are anticipated over the loan term." The Plaintiff contends that, in fact, only a portion of the roof had been replaced in 2005, that the roof was in a state of disrepair and that it has been required to replace it.

The Defendant moves for summary judgment under Fed. R. Civ. P. 56, arguing that the Plaintiff's claims should be dismissed for failure to timely file a certificate of review in conformance with § 13-20-602, C.R.S. It contends that a certificate of review is required because the Property Condition Assessment was prepared by "licensed professionals" and the Plaintiff's claims are premised upon the alleged negligence of such professionals. The Plaintiff responds that no certificate of review was required. Alternatively, the Plaintiff asks for leave to file a certificate of review if one is required. The Defendant opposes Plaintiff's request for leave to file a certificate of review.

For purposes of the subject motions, there appear to be no facts in dispute. The issues presented are: (1) whether the Plaintiff was required to file a certificate of review; and (2) if one was required, whether the Plaintiff can file one at this juncture.

### III. Material Facts

The Plaintiff retained the Defendant to prepare a Property Condition Assessment and other reports for a building located in Arvada, Colorado. Based, in part, upon such reports, the Plaintiff purchased the building.

Three of the Defendant's employees – Shane Ryerson, John Ormerod, and Joseph Derhake – prepared the Property Condition Assessment. The evidence in the record is silent as to

whether these three individuals are licensed by the State of Colorado in any field. However, these individuals hold various credentials.

Mr. Ryerson holds three credentials. He is a registered Colorado Asbestos Consultant, but it is not clear whether such registration is a certification, and if so whether it is made by a government or private entity. He is also an EPA-Accredited Asbestos Inspector. This appears to be a certification by the federal Environmental Protection Agency. Finally, he is certified by the Environmental Assessment Association as an environmental inspector. This appears to be a private accreditation by the "Environmental Assessment Association".

Mr. Ormerod is a California Certified Asbestos Consultant and an EPA-Accredited Project Designer. It is not clear what entity issued the first certification; the second appears to be a designation by the Environmental Protection Agency.

Mr. Derhake is a registered civil engineer. The evidence in the record is silent as to the State of his registration.[1]

The parties agree that Colorado does not license building or roofing inspectors, nor require that a civil engineer conduct a building or roof inspection.

### IV. Standard of Review

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary. *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Substantive law governs

---

[1] The parties do not represent that he is licensed in Colorado. Because the evidence in the record shows that the Defendant maintains an office in California, the Court does not assume that Mr. Derhake is licensed in Colorado.

3

what facts are material and what issues must be determined. It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof and identifies the party with the burden of proof. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence. *See* Fed. R. Civ. P. 56(e). Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute. *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999). If there is a genuine dispute as to a material fact, a trial is required. If there is no genuine dispute as to any material fact, no trial is required. The court then applies the law to the undisputed facts and enters judgment.

If the moving party does not have the burden of proof at trial, it must point to an absence of sufficient evidence to establish the claim or defense that the non-movant is obligated to prove. If the respondent comes forward with sufficient competent evidence to establish a *prima facie* claim or defense, a trial is required. If the respondent fails to produce sufficient competent evidence to establish its claim or defense, the claim or defense must be dismissed as a matter of

4

law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

**V. Analysis**

Determination of the parties' motions hinges upon the interpretation and application of Colorado law. In § 13-20-601, C.R.S., Colorado requires "that the certificate of review requirement should be utilized in civil actions for negligence brought against those professionals who are licensed by this state to practice a particular profession and regarding whom expert testimony would be necessary to establish a prima facie case." To further this objective, the Legislature also enacted § 13-20-602, C.R.S., which provides in pertinent part:

> (1) (a) In every action for damages or indemnity based upon the alleged professional negligence of . . . a licensed professional, the plaintiff's or complainant's attorney shall file with the court a certificate of review for each . . . licensed professional named as a party, as specified in subsection (3) of this section, within sixty days after the service of the complaint . . . against such person unless the court determines that a longer period is necessary for good cause shown.
> (b) A certificate of review shall be filed with respect to every action described in paragraph (a) of this subsection (1) against a company or firm that employed a person specified in such paragraph (a) at the time of the alleged negligence, even if such person is not named as a party in such action. . . .
>
> (3) (a) A certificate of review shall be executed by the attorney for the plaintiff or complainant declaring:
>
>> (I) That the attorney has consulted a person who has expertise in the area of the alleged negligent conduct; and
>> (II) That the professional who has been consulted pursuant to subparagraph (I) of this paragraph (a) has reviewed the known facts, including such records, documents, and other materials which the professional has found to be relevant to the

> allegations of negligent conduct and, based on the review of such facts, has concluded that the filing of the claim, counterclaim, or cross claim does not lack substantial justification within the meaning of section 13-17- 102(4). . . .
>
> (4) The failure to file a certificate of review in accordance with this section shall result in the dismissal of the complaint, counterclaim, or cross claim. . . .

Accordingly, a certificate of review is required when (1) there is a claim based upon the negligence of a "licensed professional," and (2) when expert testimony is required to prove the claim. *See Martinez v. Badis,* 842 P.2d 245, 249 (Colo. 1992). When the claim is based upon the negligence of someone who is not a licensed professional, no certificate of review is required. *See State v. Nieto*, 993 P.2d 493, 497 (Colo. 2000). The burden is on a plaintiff to demonstrate that no certificate of review is required. *See Martinez*, 842 P.2d at 251.

The applicable statutes do not define the term "licensed professional". It appears from § 13-20-601, C.R.S., that the term "licensed professional" only applies to professionals who are licensed by the State of Colorado, as opposed to another State. Such statute states in pertinent part: "the certificate of review requirement should be utilized in civil actions for negligence brought against those professionals who are licensed **by this state**[.]" (Emphasis added). However, Colorado courts have not addressed whether a certificate of review is required for a claim based upon the negligence of an individual licensed outside of Colorado, or whether a certificate of review is required when an individual is certified or registered, rather than licensed.

A claim is "based upon" negligence when it requires proof of negligence as a predicate to recovery. *See Martinez*, 842 P.2d at 251 (concluding that breach of fiduciary duty and even breach of contract claims were based upon negligence). For example, a claim alleging a false

6

representation can be "based upon" negligence where proof of the claim depends upon what the defendant reasonably should have known. *See Williams v. Boyle*, 72 P.3d 392, 399 (Colo. App. 2003).[2]

If a certificate of review is required but not timely filed, dismissal of the action generally occurs. *See Baumgarten v. Coppage,* 15 P.3d 304, 306 (Colo. App. 2000). However, upon a showing of good cause, a plaintiff can obtain permission to file the certificate of review out of time. *Yadon v. Southward*, 64 P.3d 909, 913 (Colo. App. 2003). To determine whether there is good cause, a court should consider: (1) whether there was excusable neglect for the late filing; (2) whether the plaintiff alleged a meritorious claim; and (3) whether equitable considerations – such as whether the defendant would be prejudiced – favor the late filing. *Id.*

The parties' motions raise some very interesting and novel questions which have not been addressed by Colorado courts.

(1) Does the certificate of review requirement in § 13-20-602 apply to claims of professional negligence brought against a company for its employees' inspection of the roof of a building, when Colorado does not require a license for building or roof inspectors?

(2) Does the certificate of review requirement in § 13-20-602 apply to claims of professional negligence against a company for the conduct of an employee when the alleged negligence is unrelated to the subject of his certification?

---

[2] The Plaintiff contends that it's claim of false representation is not "based on" negligence, but it is not necessary to resolve the issue because Plaintiff also asserts a denominated negligence claim.

(3) Does the certificate of review requirement in § 13-20-602 apply to claims of professional negligence brought against a company for acts of an employee who is not licensed by the State of Colorado?

(4) Does the certificate of review requirement in § 13-20-602 apply to claims of professional negligence brought against a company for acts of an employee who holds a certification issued by an entity other than the State of Colorado?

Without answers to these questions, the Court cannot determine that, as a matter of law, the Plaintiff's claims should be dismissed for failure to file a certificate of review.

However, Colorado law is clear that a court can allow a plaintiff leave to file a certificate of review out of time. In consideration of that request, the Court considers all well pleaded facts as true and, based thereon, finds that the Plaintiff has stated facially meritorious claims. Because the unusual facts in this case call into question whether Colorado law required the filing of a certificate of review in this action, good cause exists to now allow the Plaintiff to file a certificate of review. In addition, there has been no demonstration of prejudice to the Defendant which will result from the filing of a certificate of review at this time.[3]

**IT IS THEREFORE ORDERED** that:

(1) The Defendant's Motion for Summary Judgment **(#24)** is **DENIED.**

(2) The Plaintiff's Motion **(#28)** seeking leave to file a certificate of review is **GRANTED.** The Plaintiff shall file its certificate of review within 30 days of this

---

[3] The Defendant's argument that it would be prejudiced because the certificate of review was not filed within 60 days after service of the Complaint is rejected as conclusory, unsupported by particularized demonstration. Defendant's contention that any certificate of review would be inadequate or based upon fabrications is rejected as speculative.

Order.

Dated this 3rd day of April, 2008

**BY THE COURT:**

_Marcia S. Krieger_
Marcia S. Krieger
United States District Judge