IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-01107-MSK-KMT

ARVADA DEVELOPMENT GROUP, LLP, an Arizona limited liability partnership,

    Plaintiff,

v.

ALL ENVIRONMENTAL, INC., a California corporation, d/b/a AEI CONSULTANTS,

    Defendant.

## ORDER

This matter is before the court on "Plaintiff's Motion to Amend Complaint to Conform to the Evidence Pursuant to F.R.C.P. 15(b)" ("Mot.") (Doc. No. 58) filed June 30, 2008. Defendant filed its response ("Resp.) on July 21, 2008 (Doc. No. 63), and Plaintiff filed its reply ("Reply") on August 8, 2008 (Doc. No. 65). This matter is ripe for review.

Defendant has moved for summary judgment on the grounds that, as Plaintiff seeks only economic damages, its tort claims are barred by the economic loss rule. (Doc. No. 53.) In addition, Defendant seeks summary judgment on Plaintiff's claim of fraudulent misrepresentation because Plaintiff can present no evidence that Defendant made a knowing misrepresentation of material fact. (*Id.*) The motion for summary judgment is pending before Judge Krieger.

Plaintiff filed its response to the motion for summary judgment (Doc. No. 57) and, on the same date, filed the present motion to amend its complaint. Plaintiff seeks to amend the complaint to conform to the evidence. (Mot.) Plaintiff contends that the economic loss doctrine does not bar Plaintiff's claims; however, in the event Judge Krieger does grant Defendant's motion for summary judgment, Plaintiff moves to amend its complaint to allege a breach of contract cause of action. (*Id.* at 2.)

## I.     *Rule 16*

On December 17, 2007, Magistrate Judge Michael J. Watanabe entered a Scheduling Order setting the deadline for expert disclosures at January 31, 2008. (Doc. No. 22.) A Scheduling Order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4) (2008). In addition, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b).

Good cause has been interpreted to mean:

> [T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension. Since the scheduling order is entered early in the litigation, this standard seems more appropriate than a "manifest injustice" or "substantial hardship" test.

*Jorgensen v. Montgomery*, 2007 WL 3119549, at *3 (D. Colo. Oct. 19, 2007) (citing Advis. Comm. Notes for 1983 Amend.) In addition:

> Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that scheduling deadlines cannot be met despite a

2

> party's diligent efforts. . . . Carelessness is not compatible with a finding of
> diligence and offers no reason for a grant of relief.

(*Id.*) (citing *Dilmar Oil Co., Inc. v. Federated Mutual Ins. Co.*, 986 F. Supp 959, 980 (D. S.C. 1997).

The court set the deadline for amending pleadings at January 31, 2008. (Doc. No. 22.) Plaintiff failed to move for an extension of time to amend pleadings. Plaintiff seems to suggest that he could not have amended his complaint until after the filing of initial disclosures. (Mot. at 2.) However, according to the Scheduling Order submitted by the parties, these disclosures were made "on or before December 10, 2007," over one month prior to the deadline for amending pleadings and five months prior to the current motion to amend the complaint to add a breach of contract claim. (Doc. No. 22 at 4.) The court agrees with Defendant that because Plaintiff failed to file a motion to extend the deadline for amending the pleadings set forth in the Scheduling Order, the court must determine whether Plaintiff has shown good cause or excusable neglect under Rule 16. The court finds disingenuous Plaintiff's argument that he could not have amended his complaint earlier because he did not possess a copy of the putative contract until he received Defendant's initial disclosures. However, it is apparent to the court that as soon as Plaintiff realized he had not pled a breach of contract claim and that the failure to do so may be fatal to his case, apparently upon the filing of Defendant's motion for summary judgment, he made an effort to correct this by filing the motion at issue. The court finds good cause in Plaintiff's failure to move for an extension of the deadline set forth in the Scheduling Order prior

to the expiration of the deadline for amending pleadings. Therefore, the court next proceeds with the Rule 15 analysis.

## II. *Rule 15*

Pursuant to Fed. R. Civ. P 15(a), the court is to freely allow amendment of the pleadings "when justice so requires." The grant or denial of an opportunity to amend is within the discretion of the court, but "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). The Tenth Circuit has concluded that the timeliness of the amendment and the prejudice to a defendant are to be the crux of the inquiry. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

### A. *Undue Delay*

A motion to amend should be denied if a plaintiff has unduly delayed in seeking the amendment. *Wessel v. City of Albuquerque*, 299 F.3d 1186, 1197 (10th Cir. 2002). The important inquiry is not simply whether Plaintiff has delayed, but whether such delay is undue. *Minter*, 451 F.3d at 1206. A defendant is prejudiced by an untimely amendment if the amendment will alter the focus of the case at a date that is too late for the defendants to adequately prepare for trial. *Orr v. City of Albuquerque*, 417 F.3d 1144, 1153 (10th Cir. 2005)

4

("[A] plaintiff should not be prevented from pursuing a valid claim just because she did not set forth in the complaint a theory on which she could recover, provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits.") (citation omitted). Prejudice is most likely to be found "when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Minter*, 451 F.3d at 1208.

The defendant will not be prejudiced by the amendment, as the amendment will not alter the focus of the case. In addition, the amendment does not come at a date too late for the defendant to adequately prepare for trial, as a trial date has not yet been set. Moreover, the amended claim does not arise out of a subject matter different from what was set forth in the complaint. The court finds there is no evidence of undue delay by the plaintiff herein.

### B. *Prejudice*

Prejudice under Rule 15 "means undue difficulty in prosecuting [or defending] a lawsuit as a result of a change of tactics or theories on the part of the other party." *Deakyne v. Commissioners of Lewes*, 416 F.2d 290, 300 (3d Cir. 1969); *see, also, LeaseAmerica Corp. v. Eckel*, 710 F.2d 1470, 1474 (10th Cir. 1983). The party opposing the amendment of the pleadings has the burden of showing prejudice. *Beeck v. Aquaslide 'N' Dive Corp.*, 562 F.2d 537, 540 (8th Cir. 1977). The prejudice with which the Rule is concerned is the prejudice to the party's ability to prosecute or defend. The record provides no basis for a finding of undue prejudice to Defendant by allowing the amendment.

*C.     Futility*

An amendment to a complaint is futile only if the plaintiff can prove no set of facts in support of his amendment that would entitle him to relief. *E.g., Beckett v. United States*, 217 F.R.D. 541, 543 (D. Kan. 2003). A district court is clearly justified in denying a motion to amend as futile only if the proposed amendment cannot withstand a motion to dismiss or otherwise fails to state a claim. *See Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992). "Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson County Sch. Dist. v. Moody's Investor's Services*, 175 F.3d 848, 859 (10th Cir. 1999). Defendant has failed to demonstrate that the proposed amendment is either factually or legally insufficient under <u>any</u> set of facts; *i.e.*, that it is apparent Plaintiff can prove <u>no set of facts</u> which would entitle it to relief. *Cf. Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

Therefore, for the foregoing reasons, it is

ORDERED that "Plaintiff's Motion to Amend Complaint to Conform to the Evidence Pursuant to F.R.C.P. 15(b)" (Doc. No. 58) is GRANTED. The Clerk of Court is directed to file the Amended Complaint attached as Exhibit 1 to document number 58.

Dated this 10th day of October, 2008

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge